NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BOSCH REXROTH, S.P.A.,** | : | **Civil Action No. 06-2118 (FLW)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **M E M O R A N D U M** |
| | : | **O P I N I O N** |
| **TAYLOR'S INTERNATIONAL, LLC,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**HUGHES, U.S.M.J.,**

## I.   INTRODUCTION

This matter has come before the Court upon Motion by Plaintiff Bosch Rexroth, S.p.A.

("Plaintiff") for Default Judgment against Defendants Taylor's International, LLC, et al.

("Defendants") [dkt. entry no. 36], returnable March 3, 2008.  Defendants filed opposition to the

Motion on February 5, 2008, and Plaintiff responded on February 12, 2008.

The issue is whether Defendants should have Default Judgment entered against them

because they violated a Court Order requiring Defendants to retain counsel by October 5, 2007.

Defendants secured counsel on October 12, 2007.  The Court finds that Default Judgment should

not be granted; therefore, Plaintiff's motion is denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced action against Defendants on May 9, 2006.  The Complaint asserts

several causes of action for breach of contract, piercing the corporate veil, fraud in the

inducement, negligent misrepresentations, unjust enrichment, punitive damages, and breach of the fiduciary duty.  (*See* Pl.'s Compl. at ¶¶ 42-87.)

On or about July 2, 2007, Defendants' counsel filed a motion to be relieved as counsel because of a breakdown in the attorney-client relationship.  (*See* Pl.'s Mem. at 4.)  The Court granted Defendants' motion to be relieved as counsel on August 1, 2007 [dkt. entry no. 27].  Defendants failed to comply with that Court Order, which required Defendants to hire new counsel no later than September 4, 2008.  However, Defendants were given additional time to hire new counsel because of an internal administrative failure of the electronic filing system to notify Defendants' counsel of the Court's August 1, 2007 Order.  The Court held a conference call with the parties and gave Defendants until October 5, 2007 to obtain new counsel.  On September 11, 2007, the Clerk of the Court entered Default against Defendants.  (Pl.'s Mem. at 5.)  On October 12, 2007, five days after the time for Defendant to hire new counsel, Defendants hired new counsel.  *Id.*

Plaintiff argues that Defendants have repeatedly failed to comply with the Court's Orders and have shown disrespect to the Court.  *Id.*  Plaintiff argues that Defendants' behavior threatens the preservation of evidence and live testimonies.  Defendants oppose stating that Plaintiff seeks to travel back in time and capitalize on the procedural posture that existed in this case as of September 18, 2007 – prior to the Court's September 19, 2007 Order, which is prior to the Ansell Firm's substitution on October 12, 2007; prior to Defendants' extensive production of documents on November 8, 2007; and prior to the Ansell Firm's repeated attempts to move this case forward.  (Def.s' Opp'n Br. at 2.)

2

### III.    DISCUSSION

Plaintiff argues that default judgment should be entered against Defendants for their failure to comply with Court Orders.  They also seek dismissal of the action as a sanction pursuant to Federal Rule of Civil Procedure 37(b)(2)(A).  For the reasons stated below, the Court finds that dismissal is a drastic sanction that is not warranted in this case.  Accordingly, Plaintiff's motion is denied.

####    A.    Default Judgment

The Court denies Plaintiff's motion for Default Judgment under Federal Rule of Civil Procedure 55(b) and sets aside the entry of Default pursuant to Federal Rule of Civil Procedure 55(c).

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, a clerk must enter default."  Pursuant to Rule 55(b), the Court may enter Default Judgment.  The Court may also set aside a default for good cause.  *See* Fed. R. Civ. P. 55(c).

Here, the Clerk's Order of September 19, 2007 did not vacate the Clerk's entry of Default on September 11, 2007.  Therefore, Defendants were in default pursuant to Rule 55(a). (*See* Court Or. dated September 19, 2007, [dkt. entry no. 29].)  However, the Court finds that, pursuant to Rule 55(c), good cause exists to set aside the entry of default because Defendants have, especially since retaining new counsel, diligently been working towards a resolution of this case.

3

B.    Federal Rule of Civil Procedure 37(b)(2)(A)

Federal Rule of Civil Procedure 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an

order to provide or permit discovery, including an order made under subdivision (a) of this rule

or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the

action is pending may issue further just orders."  *See, e.g.*, *Hoxworth v. Blinder, Robinson & Co.,*

*Inc.*, 980 F.2d 912, 919 (3d Cir. 1992).  These orders may include the following: (i) directing the

matters embraced in the order or other designated facts be taken as established for purposes of

the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or

opposing designated claims or defenses, or from introducing designated matters in evidence; (iii)

striking the pleadings in whole or in part; (iv) staying further proceedings until the order is

obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default

judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey

any order. . .".  *See* Fed. R. Civ. P 37(b)(2)(A)(i)-(vii).  In addition, pursuant to Fed. R. Civ. P.

37(d)(3), the Court must require "the party failing to act . . . to pay the reasonable expenses,

including attorney's fees, caused by the failure, unless the failure was substantially justified or

other circumstances make an award of expense unjust."

Specifically, "dismissals with prejudice or defaults are *drastic sanctions*, termed

'extreme' by the Supreme Court, and are to be reserved for comparable cases."  *Poulis v. State*

*Farm Fire and Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) (citing *Nat'l Hockey League v.*

*Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)) (emphasis added).

In *Poulis*, the Court set forth a six-part balancing test that the District Court should apply

in determining whether dismissal is appropriate.  The six factors include (1) the extent of the

4

party's personal responsibility; (2) the prejudice to the adversary cause by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or of the attorney was willful or in bad faith; (5) the effectiveness of the sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.  *Poulis*, 747 F.2d at 868.  Of course, not all of the *Poulis* factors need to be satisfied in order to dismiss a petition. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) *and In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 381 F. Supp. 2d 421, 425 (E.D. Pa. 2005).  Each factor will be discussed in turn.

1)      *The Extent of the Party's Personal Responsibility*

Defendants are not personally responsible for the delay in this litigation.  In fairness to Defendants, their previous counsel did not know there was a Court Order granting their request to be relieved as counsel.  It was an administrative error from the Clerk's Office that that delayed the proceedings.  Once the error was corrected, Defendants' previous counsel withdrew and the Court granted Defendants until October 5, 2007 to retain new counsel.  The Supreme Court looked to whether there was "flagrant bad faith" by the parties as well as "callous disregard" by their counsel. *Nat'l Hockey League*, 427 U.S. at 643;  *Poulis*, 747 F.2d at 868.

Here, the Court does not believe that Defendants have shown a "callous disregard" towards either the Court or Plaintiff simply because they retained new counsel seven (7) days late.  Although court orders must be strictly enforced and the consequence of ignoring them is severe, it is not in the interest of justice to dismiss this case.  As noted in *Poulis*, dismissal is a drastic sanction that is unwarranted here.

Simply put, following the Court's Order, albeit a week late, is not "flagrant bad faith" or

5

"callous disregard".

   2) *Prejudice to the Adversary*

  Plaintiff has suffered a minor inconvenience in this case.  Since Defendants have retained new counsel there has been an in-person settlement conference with a second one scheduled for late June.  In addition, Defendants have produced over 4,500 pages of documents.  (*See* Def.s' Opp'n Br. at 9.)  Therefore, the Court finds that there has not been a level of prejudice to the adversary that would justify dismissing this case.  In sum, since Defendants have retained new counsel, the parties have cooperated under the spirit of the federal procedural rules.  *See Poulis*, 747 F.2d at 868.

   3) *A History of Dilatoriness*

  There has not been a history of dilatoriness to justify the dismissal of the action.  In *Poulis*, there was a pattern of dilatoriness caused by the consistent delay of plaintiff's counsel. *Id.*  Here, Defendants' counsel has not been dilatory.  On the contrary, Defendants' and Plaintiff's counsel have sought an expedient resolution to this litigation.  Defendants have neither ignored any scheduled conferences with the Court nor refused to provide discovery to Plaintiff. The fact that Defendants were a week late in retaining new counsel is not enough to establish a history of dilatoriness.

   4) *Whether the Conduct was Willful or in Bad Faith*

  The Court finds that Defendants' acts were not willful.  A party's "failure to comply with the court's orders and in dragging the case out [must be] willful and not merely the result of negligence of inadvertence."  *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002).  Here, the Court finds that obeying a court order, albeit a week late, is not a willful act made in bad

faith.

        5)    *Alternative Sanctions*

As previously noted, dismissal is a drastic remedy reserved for the most egregious of cases.  However, a party who obeys a court order, albeit one week late, is not egregious. Furthermore, the Court finds that since both Plaintiff and Defendants are diligently seeking a resolution to this litigation, no sanctions are warranted.

        6)    *Meritoriousness of the Claim*

This Court cannot determine whether Plaintiff has a meritorious claim at this point.  "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id.* at 870 (citing *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

## IV.    CONCLUSION

Defendants have not violated the criteria set forth in *Poulis*.  Accordingly, for the reasons stated herein, Plaintiff's Motion for Default Judgment is denied.  An appropriate Order accompanies this Memorandum Opinion.


**DATED**: May 23, 2008